UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

SYLVIA T. SISNEROS                                  Case No. 7-17-12144-JR

        Debtor.

**DEFAULT ORDER GRANTING FREEDOM MORTGAGE CORPORATION RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO FREEDOM MORTGAGE CORPORATION LOCATED AT 53 WILDY DR ROSWELL , NEW MEXICO 88203**

    This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Freedom Mortgage Corporation, filed on, October 19, 2017 (DOC 12) (the "Motion") by Freedom Mortgage Corporation ("Freedom Mortgage"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On October 19, 2017, Freedom Mortgage served the Motion and a notice of the Motion (the "Notice") on R. Matthew Bristol, Attorney for Debtor and Clarke C. Coll, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Sylvia T. Sisneros, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the property located at 53 Wildy Dr Roswell, New Mexico 88203, more fully described as:

> Lot 13 in Block 4 of North Plains Park No. 3 Addition, in the City of Roswell, County of Chaves and State of New Mexico, as shown on the Official Plat filed in the Chaves County Clerk's Office on October 23, 1958 and recorded in Book C of Plat Records, at Page 86.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c)     The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on November 15, 2017;

(f)     As of November 21, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Freedom Mortgage certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Freedom Mortgage and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other

agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Freedom Mortgage need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Freedom Mortgage's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Freedom Mortgage may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Freedom Mortgage is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
Andrew P. Yarrington
Attorney for Freedom Mortgage
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Sylvia T. Sisneros
617 17th Street
Fort Sumner, NM 88119

R. Matthew Bristol
Attorney for Debtor
PO Box 2929
Roswell, NM 88202

Clarke C. Coll
Trustee
PO Box 2288
Roswell, NM 88202-2288
Telephone: (575) 623-2288
clarkecoll@gmail.com